**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

CAROL LORENZ,

    Plaintiff,

vs.

TYSON FOODS, INC., et al.,

    Defendants.

No. C14-4057-LTS

**ORDER ON "WITNESSES"
MOTION IN LIMINE
(filed under seal)**

---

Defendants have filed a motion (Doc. No. 34) in limine that, as amended (Doc. No. 40), seeks the exclusion of all testimony from the following potential trial witnesses: Alan Paul, Richard Jones, David Nielson, James Moller, Robert Solko, William Raveling, Jeffrey Blum, Jesse Thompson, Melissa Thompson and Constance Ploeger. With regard to each of these witnesses except Ms. Ploeger, plaintiff contends that motion is moot because she does not intend to call that witness during her case-in-chief. Doc. No. 37. However, plaintiff resists the motion with regard to Ms. Ploeger and confirms that she does intend to call her as a trial witness. Doc. No. 46.

Defendants' argument to exclude Ms. Ploeger is based on plaintiff's failure to disclose her as a potential witness on a timely basis. It is undisputed that plaintiff did not:

    a.    disclose Ms. Ploeger as a person with knowledge in response to defendants' interrogatories (Doc. No. 40-2 at 2);

    b.    identify Ms. Ploeger as a trial witness in response to defendants' interrogatories (Doc. No. 40-3 at 2); or

    c.    identify Ms. Ploeger as a trial witness within the time required by the trial setting order (Doc. No. 19 at 2).

Instead, plaintiff's first express disclosure of Ms. Ploeger as an expected trial witness occurred on December 14, 2015, one week before the final pretrial conference and two weeks after the disclosure deadline established by the trial setting order. Doc. No. 40-5 at 2.

While plaintiff does not deny any of this, she argues that Ms. Ploeger has been known by all parties to be an individual with relevant knowledge. Plaintiff points out that the defendants identified Ms. Ploeger, by name, in an interrogatory answer served nine months ago. Doc. No. 46-1 at 7. Specifically, defendants indicated that Ms. Ploeger was the person hired to assume plaintiff's duties after plaintiff's discharge. *Id*. Plaintiff also notes that on October 26, 2015, she submitted a declaration from Ms. Ploeger in support of plaintiff's resistance to defendants' motion for summary judgment. Doc. No. 23-20 at 2. Thus, according to plaintiff, defendants have been well-aware, for some time, that Ms. Ploeger is an individual with potentially-relevant knowledge.

The Eighth Circuit Court of Appeals has explained that a district court may exclude late-disclosed "information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed. R. Civ. P. 37(c)(1)). "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id*. The court has cautioned, however, that excluding evidence as a sanction for untimely disclosure is a "harsh penalty" that should be employed "sparingly." *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011) (quoting *ELCA Enters. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995)). A court's discretion to fashion remedies and sanctions "narrows as the severity of the sanction or remedy it elects increases." *Id*. (quoting *Wegener*, 527 F.3d at 692.

Indeed, when unfair surprise is claimed, a less-drastic remedy, such as a continuance, is generally more appropriate than exclusion.  *Id.* at 735-36.

Applying these principles, I find that the complete exclusion of Ms. Ploeger's testimony is not warranted.  As plaintiff points out, she was identified by defendants many months ago as the employee who replaced plaintiff.  The fact that plaintiff then included a declaration from Ms. Ploeger in support of her resistance to defendants' motion for summary judgment was a clear signal that Ms. Ploeger possessed information that may be of importance to plaintiff's case.  While the declaration was submitted after the close of discovery, defendants could have sought leave to take Ms. Ploeger's deposition at that point.  Moreover, the declaration itself serves to inform defendants of the substance of Ms. Ploeger's knowledge.  In short, and while plaintiff undoubtedly failed to comply with discovery and disclosure requirements, I find that the resulting level of surprise and prejudice to the defendants is not particularly severe.

I further find that allowing Ms. Ploeger to testify will not disrupt the order and efficiency of trial.  As for the importance of her information, defendants argue that Ms. Ploeger's testimony is not relevant.  Doc. No. 40-1 at 2-3.  Of course, if this is true then it is even less likely that her untimely disclosure as a witness has caused unfair prejudice to defendants.  In any event, Ms. Ploeger's potential relevance to this case arises from the fact that she assumed plaintiff's duties after plaintiff was discharged.  One element of plaintiff's age discrimination claims is a showing that she was replaced by someone who was substantially younger.  *See, e.g.*, *Holmes v. Trinity Health*, 729 F.3d 817, 822 (8th Cir. 2013).  For that reason, I cannot conclude that Ms. Ploeger's proposed testimony is so obviously irrelevant that she should not be permitted to testify.

While I have found that exclusion is not the appropriate remedy, I further find that a sanction of some kind is necessary in light of plaintiff's violation of her discovery and disclosure obligations.  Thus, while plaintiff may call Ms. Ploeger as a witness, the

3

substance of her testimony will be strictly limited to (a) her age and (b) the information contained in her declaration (Doc. No. 23-20) dated October 23, 2015. If plaintiff attempts to elicit additional information from Ms. Ploeger, defendants may object on grounds that the question goes beyond the scope of the court's order.

For the reasons set forth herein, the "witnesses" motion in limine, as amended (Doc. Nos. 34 and 40) is **granted in part**, as follows:

1. Potential trial witnesses Alan Paul, Richard Jones, David Nielson, James Moller, Robert Solko, William Raveling, Jeffrey Blum, Jesse Thompson and Melissa Thompson may not testify during plaintiff's case-in-chief. If plaintiff wishes to call any of these witnesses as part of her rebuttal case, she shall raise that issue outside the presence of the jury to allow a record to be made and arguments to be heard.

2. Constance Ploeger may testify during plaintiff's case-in-chief, but the scope of her testimony will be limited as described in this order. If plaintiff wishes to call Ms. Ploeger to present additional testimony as part of her rebuttal case, she shall raise that issue outside the presence of the jury to allow a record to be made and arguments to be heard.

3. The Clerk shall file this order under seal. Unless any party files a motion to request that this order remain sealed, it shall be unsealed seven (7) days after either (a) the conclusion of trial or (b) the entry of an order indicating that this case has been settled.

**IT IS SO ORDERED.**

**DATED** this 22nd day of December, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE